**Affirmed and Opinion Filed February 10, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00009-CV

## OJALA PARTNERS, LP, Appellant
## V.
## BRIAN DRIESSE AND LAVORO ACQUISITIONS. LLC, Appellees

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-21-10229

## MEMORANDUM OPINION
Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

This is an accelerated interlocutory appeal under the Texas Citizens Participation Act (TCPA), Texas's anti-SLAPP law. *See* TEX. CIV. PRAC. & REM. CODE § 27.005.[1] Appellant Ojala Partners, LP (Ojala) appeals the trial court's order denying its TCPA motion to dismiss. We affirm.

---

[1] This case falls under the 2019 revisions to the TCPA because suit was filed in 2021. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 Tex. Gen. Laws 684, 687 (the Act applies only to an action filed on or after the September 1, 2019 effective date of the act).

# BACKGROUND[2]

As part of its business, Ojala develops affordable public housing in partnership with local housing authorities and/or local governmental bodies. The potential developments are awarded through a public request for proposal process. Appellee Brian Driesse is a former Ojala employee. During his employment, Driesse and Ojala entered into an agreement for terms of performance compensation (the Agreement). Under the Agreement, Ojala agreed to pay Driesse "Promote Distributions" and other compensation. According to Driesse, the Promote Distributions could be forfeited only if Ojala terminated him for cause. In 2020, Driesse elected to resign his position. He provided Ojala notice on February 27, 2020, but continued working for Ojala at the company's request until April 20, 2020. Driesse then began working for appellee Lavoro Acquisitions, LLC (Lavoro), which was a start-up[3] formed to develop and acquire affordable housing. Lavoro, like Ojala, submits responses to various governmental entities to develop projects for those entities.

Ojala maintains that in 2021 it "developed a good-faith basis to believe that Driesse stole Ojala's confidential information and/or trade secrets and began using them to directly compete with Ojala." On June 4, 2021, through Freedom of Information Act (FOIA) requests and emails related to such requests (the June 4

---

[2] All background facts are derived from the parties' pleadings and motions in the trial court.

[3] Ojala contends Driesse formed Lavoro with third-party defendant Trinsic Residential Group LP (Trinsic) to enter the affordable housing sector in direct competition with Ojala.

communications), Ojala informed the City of Dallas and the Houston Housing Authority (HHA) that Ojala believed an unnamed former employee (i.e., Driesse) had stolen Ojala's confidential information and was using it to compete against Ojala in the bidding process. Ojala sought copies of Trinsic and Lavoro's[4] bids from the City of Dallas and the HHA. In a July 2, 2021 letter, Ojala informed Driesse that he had breached the Agreement and forfeited future distributions under the Agreement.

On August 4, 2021, Driesse and Lavoro sued Ojala for tortious interference with prospective and continuing business relations. Driesse also asserted claims against Ojala for business disparagement, defamation, and breach of contract. Ojala moved to dismiss the claims under the TCPA. The trial court denied the motion, and this appeal followed.

## APPLICABLE LAW

The TCPA protects citizens who petition or speak out on matters of public concern from retaliatory lawsuits intended to silence them. *Barnes v. Kinser*, 600 S.W.3d 506, 509 (Tex. App.—Dallas 2020, pet. denied). That protection comes in the form of a motion to dismiss for a suit that appears to stifle the defendant's exercise of those rights. *Id.* A TCPA motion to dismiss generally requires a three-step analysis.

---

[4] Ojala referenced Trinsic in the June 4 communications and copied Trinsic on Ojala's July 2, 2021 letter to Driesse. Trinsic is not a party to the order denying Ojala's motion to dismiss.

First, the TCPA movant bears the initial burden of demonstrating that the legal action is based on or in response to the movant's exercise of a protected right, such as the right of free speech or the right to petition, or certain other protected conduct. TEX. CIV. PRAC. & REM. CODE § 27.005(b); *Wells v. Crowell*, No. 05-20-01042-CV, 2021 WL 5998002, at *4 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.) (under the current statute, the movant must demonstrate that the plaintiff's legal action is "based on" or "in response to" the movant's exercise of a protected right.). Second, if the movant carries its step-one burden, then the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. CODE § 27.005(c). Third, even if the nonmovant carries its step-two burden, the court shall nevertheless dismiss the legal action if the movant establishes as a matter of law its entitlement to judgment on an affirmative defense or other ground. *Id.* § 27.005(d).

**STANDARD OF REVIEW**

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under the TCPA. *Garcia v. Semler*, No. 05-21-00750-CV, 2022 WL 18006713, at *5 (Tex. App.—Dallas Dec. 30, 2022, no pet. h.) (citing *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.)).

**ANALYSIS**

Ojala contends its TCPA motion should have been granted and the claims against Ojala dismissed and brings four issues on appeal challenging the denial of the TCPA motion. Ojala maintains (1) the TCPA applies to the claims asserted below, (2) the TCPA exemption for legal actions based on misappropriation of trade secrets does not apply and does not remove the claims asserted here from the TCPA, (3) appellees did not establish a prima facie case of every element of each claim by clear and convincing evidence, and (4) Ojala established the affirmative defenses of substantial truth, justification, and judicial privilege and, therefore, the claims should be dismissed. We conclude the TCPA does not apply to the claims asserted against Ojala and affirm the order denying the motion to dismiss.

After the 2019 amendments to the TCPA, a claim is subject to dismissal under the TCPA if the claim is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association. . . ." TEX. CIV. PRAC. & REM. CODE § 27.003(a). Here, Ojala invokes the right of free speech. "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." *Id.* § 27.001(3). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). "'Matter of public concern' means a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts,

–5–

fame, notoriety, or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." *Id.* § 27.001(7).

Ojala argues the claims are based on and in response to its right of free speech because appellees filed suit after Ojala made statements in emails and letters asserting its belief that "a bidder" used stolen confidential or trade secret information to obtain governmental contracts for affordable housing developments. The following five communications are at issue:

1. June 4, 2021 FOIA request from Ojala asking for materials submitted by Trinsic / Lavoro in connection with an affordable housing development proposed at 5240 Nolda Street;

2. June 4, 2021 email from Ojala to Dallas City Hall asking where to send a FOIA request and stating Ojala thinks a former employee stole confidential information and is using it to compete against Ojala;

3. June 4, 2021 email from Ojala to an attorney thought to represent Trinsic and Lavoro asking if the attorney represents those parties and stating Ojala thinks a former employee stole confidential information and is using it to compete against Ojala;

4. June 4, 2021 email from Ojala to HHA asking if HHA received any FOIA requests about Ojala from Driesse, Lavoro, and others, stating Ojala thinks a former employee stole confidential information and is using it to compete against Ojala, and asking for any materials submitted by Trinsic / Lavoro in connection with the development proposed at 5240 Nolda Street; and

5. July 2, 2021 letter from Ojala's attorney to Driesse accusing him of breaching duties owed to Ojala and directly competing with Ojala and informing him that such breaches resulted in the forfeiture of certain distributions.

According to Ojala, those communications were statements of "interest to the community [or] a subject of concern to the public" because some were made to

governmental entities and the public has an interest in ensuring a fair bidding process for public affordable housing with contracts awarded to the most qualified contractor.

Appellees, in contrast, contend the communications relate to and are of interest only to Ojala, Driesse, and Lavoro because the communications were made in the context of a dispute between an employer (Ojala) and its former employee (Driesse) concerning the employee's alleged misappropriation of trade secrets and use of that information to compete with Ojala through Driesse's new employer. We agree with appellees. Although the parties' respective businesses involve contracting for affordable housing projects, the communications were made in relation to a dispute between an employer and employee concerning the alleged misappropriation of unnamed confidential information and trade secrets. The communications do not discuss the bidding process for the projects or the bids themselves. The allegations against Driesse and Lavoro in the communications are non-specific and are of interest only to the parties involved. The public has no interest in this private dispute. Under this record, we conclude the communications do not address a matter of public concern.

Ojala cites two cases from our sister court in Fort Worth to support its contention that the TCPA applies here. *See Phuong Nguyen v. ABLe Commc'ns, Inc.*, No. 02-19-00069-CV, 2020 WL 2071757, at *5 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op.); *see also PNC Inv. Co., LLC v. Fiamma Statler, LP*, No.

02-19-00037-CV, 2020 WL 5241190, at *5 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.) (mem. op.). We find both distinguishable from the case at bar.

In *Nguyen*, the communications related to specific bids and contracts awarded by DFW International Airport (DFW), a governmental entity, and involved communications allegedly made to DFW about plaintiffs in relation to the bids. *Nguyen*, 2020 WL 2071757, at *5 ("each of the challenged claims involved an allegation that Nguyen made communications about ABLe's work on the 2014 fiber contracts and its bids for the DFW contracts awarded to E2; about E2's bid for the 2018 contracts; about Nguyen's, E2's, and Southwest's potential and current work on those contracts; or about recruiting (hence communicating with) ABLe employees to work on those contracts."). Here, there are no allegations of statements made to any governmental entity or statements made about a specific housing project for which the public would have an interest. *Nguyen* is further distinguishable because it fell under the former statutory definition of "matter of public concern," and the communications in *Nguyen* involved a more direct relationship between the communications and the governmental entities than the communications at issue here. *See Welsh v. River Hollow Ass'n*, 654 S.W.3d 505, 512–13 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.) (distinguishing *Nguyen* on those grounds).

Similarly, *PNC* is distinguishable because the underlying suit was based on communications about the public development project itself. *PNC Inv. Co.*, 2020 WL 5241190, at *5. In *PNC*, the appellees joined in a property redevelopment

project (the Project) financed through a combination of public and private funds. *Id.* at *1. Appellee Fiamma Management Group, LLC (FMG) maintained that the appellant wrongfully terminated FMG's contract and then engaged in various fraudulent acts and breaches of fiduciary duty in relation to the Project. *Id.* Appellees alleged that the Project's Financiers had "'taken advantage of poorly-regulated federal investment programs' and coerced, cajoled, encouraged, helped, or assisted the Centurion Defendants 'to steer the project into a web of fraud and misappropriation of public-private funds.'" *Id.* at *2. The *PNC* court concluded the communications alleged by FMG "involve a matter of public concern beyond the pecuniary interests of private parties because the lawsuit involves communications about a redevelopment project located in a TIF district and partially funded by public money in the form of federal and state historic tax credits, municipal tax increment financing, and foreign investment through the federal EB-5 visa program." *Id.* at *5. Here, the communications relate to alleged wrongdoing by a former employee, were unrelated to any specific development project, and passed no aspersions on the development project itself or the use of public funds in relation to a development project. We find *PNC* distinguishable and inapplicable here.

The communications at issue here were not made in connection with a matter of public concern. Ojala, therefore, did not meet its initial burden of demonstrating that the legal action is based on or in response to the movant's exercise of a protected right. The trial court did not err by denying the TCPA motion to dismiss. Having

–9–

concluded Ojala did not meets its initial burden, we do not reach Ojala's remaining appellate issues.

## CONCLUSION

Under this record, we conclude the TCPA does not apply to the claims asserted against Ojala. Accordingly, we affirm the trial court's December 15, 2021 order denying Ojala's motion to dismiss and remand to the trial court for further proceedings consistent with this opinion.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220009F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OJALA PARTNERS, LP, Appellant

No. 05-22-00009-CV          V.

BRIAN DRIESSE AND LAVORO
ACQUISITIONS. LLC, Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-10229.
Opinion delivered by Justice Partida-
Kipness. Justices Molberg and
Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's December 15, 2021 order denying Ojala Partners, LP's Motion to Dismiss is **AFFIRMED**.

It is **ORDERED** that appellees BRIAN DRIESSE AND LAVORO ACQUISITIONS. LLC recover their costs of this appeal from appellant OJALA PARTNERS, LP.

Judgment entered this 10th day of February 2023.